Paige H. Gosney, State Bar No. 252830
Email: Paige.Gosney@GreshamSavage.com
James J. Ramos, State Bar No. 252916
Email: James.Ramos@GreshamSavage.com
**GRESHAM SAVAGE NOLAN & TILDEN, a Professional Corporation**
550 East Hospitality Lane, Suite 300
San Bernardino, California 92408
Telephone: (909) 890-4499
Facsimile: (909) 890-9877

Attorneys for Plaintiff,
ALESSANDRO PIROZZI

**UNITED STATES DISTRICT COURT OF CALIFORNIA**

**CENTRAL DISTRICT – SOUTHERN DIVISION**

| | |
|---|---|
| ALESSANDRO PIROZZI, an individual,<br>Plaintiff,<br>vs.<br>SECRETARY OF HOUSING AND URBAN DEVELOPMENT WASHINGTON D.C., a Department of Housing and Urban Development of the United States of America; and DOES 1 through 50, Inclusive,<br>Defendants. | CASE NO. 8:21-cv-01288<br>**COMPLAINT FOR:**<br>**1. TRESPASS;**<br>**2. DECLARATORY RELIEF; and**<br>**3. MANDATORY AND PROHIBITORY INJUNCTIVE RELIEF.** |

Plaintiff, ALESSANDRO PIROZZI, hereby alleges and complains as follows:

## I. PRELIMINARY ALLEGATIONS

1. Plaintiff, ALESSANDRO PIROZZI ("**Plaintiff**" or "**Pirozzi**"), is an individual who resides in the County of Orange, State of California.

2. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned and relevant hereto, Defendant, SECRETARY OF HOUSING AND URBAN DEVELOPMENT WASHINGTON D.C. ("**Defendant**" or "**HUD**")

was, and is, a part of the Department of Housing and Urban Development of the United States of America.

3. The true names and/or capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein as DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that some or all of said fictitiously named Defendants have participated in the hereafter alleged wrongful conduct, as set forth herein, and are responsible, in whole or in part, for the damages alleged to have been suffered by Plaintiff. Plaintiff will amend this Complaint to state their true names and capacities when the same have been ascertained. Plaintiff intends all further references in this Complaint to "Defendants" or "Defendants, and each of them," to expressly include reference to each fictitiously named Defendant.

4. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned and material hereto, some or all of said Defendants were the officers, directors, principals, agents, servants, employees and/or authorized representatives of some or each and every other Defendant, and each of them; and that, in doing the actions herein alleged or in not doing those acts herein alleged not to have been performed by omission, said Defendants were acting within the course and scope of such agency and/or authority.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action because it is one seeking relief other than money damages against the federal government and for which there is no adequate remedy at law. 5 U.S.C.A. §§702, 704.

6. Venue for this action properly lies in the United States District Court of California – Central District – Southern Division in and for Orange County, as the Plaintiff resides in this County. 28 U.S.C.A. §1391.

/ / /

GRESHAM | SAVAGE
ATTORNEYS AT LAW
550 E. HOSPITALITY LN.
STE. 300
SAN BERNARDINO, CA 92408
(909) 890-4499

## III. FACTUAL ALLEGATIONS

7. Plaintiff is the owner of that certain real property located at Zero Nob Hill Court ("**ZNH Property**").

8. The ZNH Property includes a certain private roadway created by recordation of Parcel Map No. 5341, which is commonly known as Nob Hill Court. A true and correct copy of Parcel Map No. 5341 is attached hereto as Exhibit "1".

9. While Nob Hill Court was offered up for dedication to the County of San Bernardino (the "**County**"), the County's acceptance of Nob Hill Court was expressly conditioned upon - and subject to - improvements being made to the roadway resting thereon. Hence, unless and until Nob Hill Court is improved, title thereto remains with Plaintiff. *Mikels v. Rager* (1991) 232 Cal.App.3d 334, 353-354; *see also* Gov. Code, § 66477.1.

10. To date, Nob Hill Court remains unimproved and has not been accepted by the County. As such, title to Nob Hill Court remains in the name of Plaintiff.

11. Upon information and belief, HUD is the owner of that certain real property located at 1833 Nob Hill Drive, Running Springs, CA ("**Encroaching Property**"), which is adjacent to the ZNH Property. A true and correct copy of the deed conveying ownership of the Encroaching Property to HUD is attached hereto as Exhibit "2" to this Complaint.

12. Upon information and belief, a prior owner of the Encroaching Property erected a wall and slope (the "**Wall**") which straddles the legal boundary separating the Encroaching Property from the ZNH Property (and which rests on Nob Hill Court). A true and correct copy of a survey prepared by Plaintiff showing the boundaries of the ZNH Property and the Wall's encroachment thereon is attached as Exhibit "3" to this Complaint.

/ / /

GRESHAM | SAVAGE
ATTORNEYS AT LAW
550 E. HOSPITALITY LN.
STE. 300
SAN BERNARDINO, CA 92408
(909) 890-4499

13. Upon information and belief, the prior owner also constructed a 442 square foot garage structure (the "**Garage**") which is only accessible via Nob Hill Court – Plaintiff's private property – and therefore necessarily requires a trespass over the ZNH Property.

14. In addition to being constructed without Plaintiff's knowledge or consent, the Wall and Garage, along with a 564 square-foot roof terrace and 284 square-foot storage area, were constructed without the necessary permits and approvals from the County.

15. The Wall, Garage and other unpermitted improvements are the subject of a Code Enforcement action initiated by the County (Case No. CBE1400665) which Plaintiff is informed and believes remains presently pending ("**Code Enforcement Action**").

16. Defendants are the legal owners of the Encroaching Property and, as such, the owners of the illegally constructed Wall, Garage and other unpermitted improvements that are the subject of the Code Enforcement Action.

17. Even though they were constructed on and/or are only accessible via trespass over Plaintiff's Property, the Wall and Garage were built without the consent of Plaintiff.

18. The Wall and Garage constitute an encroachment on the ZNH Property owned by Plaintiff.

19. Plaintiff installed "No Trespassing" signs and erected a chain across the entrance to Nob Hill Court to prevent Defendant and the public from accessing and trespassing Plaintiff's Property; however, upon information and belief and without Plaintiff's knowledge or consent, Defendant and/or its agents or authorized representatives removed the signage and cut the chain blocking access to Nob Hill Court.

20. Upon information and belief, Defendant is in the process of marketing the Encroaching Property for sale but is not notifying potential buyers of the Code

GRESHAM | SAVAGE
ATTORNEYS AT LAW
550 E. HOSPITALITY LN.
STE. 300
SAN BERNARDINO, CA 92408
(909) 890-4499

Enforcement Action, Plaintiff's exclusive ownership rights over Nob Hill Court and/or the illegal encroachment of the Wall and Garage.

21. By way of this action, Plaintiff seeks **non-monetary relief** that has become necessary to (i) address the physical trespass to the ZNH Property and Nob Hill Court caused by Defendants and prevent the future encroachment thereon by Defendants or their successors in interest; (ii) clarify and confirm Plaintiff's exclusive ownership rights in Zero Nob Hill Court; and (iii) force Defendant to notify potential buyers of the Encroaching Property of the Code Enforcement Action, Plaintiff's exclusive ownership rights over Nob Hill Court and the illegal encroachment of the Wall and Garage.

## FIRST CAUSE OF ACTION

### (Trespass as to all Defendants)

22. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation set forth in paragraphs 1 through 21, above, as though they were set forth in full and at length herein.

23. Plaintiff is the record owner of ZNH Property, which includes Nob Hill Court.

24. The Wall was constructed without the consent of Plaintiff and illegally encroaches upon the ZNH Property. The Garage was similarly constructed without Plaintiff's knowledge or consent and, although not physically encroaching on the ZNH Property, can only be accessed via a trespass over Nob Hill Court which is Plaintiff's private property.

25. The Wall and Garage constitute impermissible physical trespasses and/or encroachments on the ZNH Property.

26. In prosecuting this Cause of Action, Plaintiff does not seek any monetary relief from Defendants. To the contrary, Plaintiff alleges that there is no adequate remedy at law to redress Plaintiff for Defendants' ongoing trespass/encroachment.

GRESHAM | SAVAGE
ATTORNEYS AT LAW
550 E. HOSPITALITY LN.
STE. 300
SAN BERNARDINO, CA 92408
(909) 890-4499

27. Plaintiff, therefore, requests that this Court grant injunctive relief by issuing an order forcing Defendants to remove the Wall that is encroaching on the ZNH Property and the Garage that can only be accessed via illegal trespass over Nob Hill Court.

**SECOND CAUSE OF ACTION**

**(Declaratory Relief as to all Defendants)**

28. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation set forth in paragraphs 1 through 27, above, as though they were set forth in full and at length herein.

29. Plaintiff is the record owner of the ZNH Property, which includes Nob Hill Court.

30. The Wall was constructed without the consent of Plaintiff and illegally encroaches upon the ZNH Property. The Garage was similarly constructed without Plaintiff's knowledge or consent and, although not physically encroaching on the ZNH Property, can only be accessed via a trespass over Nob Hill Court which is Plaintiff's private property.

31. The Wall and Garage constitute impermissible physical trespasses and/or encroachments on the ZNH Property.

32. In prosecuting this Cause of Action, Plaintiff does not seek any monetary relief from Defendants. To the contrary, Plaintiff alleges that there is no adequate remedy at law to redress Plaintiff for Defendants' ongoing trespass/encroachment.

33. In light of the foregoing, an actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, as to their respective rights, duties, and liabilities in connection with the ZNH Property, Nob Hill Court, the Encroaching Property, the Wall, the Garage, and Defendant's obligations to notify potential buyers of the Encroaching Property about the Code Enforcement

GRESHAM | SAVAGE
ATTORNEYS AT LAW
550 E. HOSPITALITY LN.
STE. 300
SAN BERNARDINO, CA 92408
(909) 890-4499

Action and Plaintiff's exclusive ownership rights over Nob Hill Court. Specifically, Plaintiff contends that:

a. Plaintiff holds exclusive ownership interests over Nob Hill Court which property has not been improved or accepted by the County;

b. The Wall constitutes an impermissible physical encroachment on the ZNH Property and Nob Hill Court;

c. The Garage was illegally constructed Defendant's predecessors without the necessary permits and approvals from the County and cannot be accessed without trespassing over Nob Hill Court and violating Plaintiff's exclusive ownership rights therein;

d. Defendants have no legal or equitable right to allow the Wall or the Garage to remain on the ZNH Property or Nob Hill Court;

e. Defendants have a legal and equitable obligation to notify potential buyers of the Encroaching Property about the Code Enforcement Action, Plaintiff's exclusive ownership interest in Nob Hill Court, and the illegal encroachment and trespass of the Wall and Garage on the ZNH Property owned by Plaintiff.

34. Upon information and belief, Plaintiff contends that Defendant disputes these contentions.

35. In light of the allegations made by Plaintiff herein, Plaintiff requests that the court make a judicial determination on the issues raised immediately above.

36. Such a declaration is necessary and appropriate at this time so that Plaintiff may ascertain its rights and duties in connection with the ZNH Property, Nob Hill Court, the Encroaching Property, the Wall, the Garage, and Defendant's obligations to notify potential buyers of the Encroaching Property about the Code Enforcement Action and Plaintiff's exclusive ownership rights over Nob Hill Court.

GRESHAM | SAVAGE
ATTORNEYS AT LAW
550 E. HOSPITALITY LN.
STE. 300
SAN BERNARDINO, CA 92408
(909) 890-4499

**THIRD CAUSE OF ACTION**

**(Mandatory and Prohibitory Injunctive Relief)**

37. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation set forth in paragraphs 1 through 36, above, as though they were set forth in full and at length herein.

38. Plaintiff is the record owner of ZNH Property, which includes Nob Hill Court.

39. The Wall was constructed without the consent of Plaintiff and illegally encroaches upon the ZNH Property. The Garage was similarly constructed without Plaintiff's knowledge or consent and, although not physically encroaching on the ZNH Property, can only be accessed via a trespass over Nob Hill Court which is Plaintiff's private property.

40. The Wall and Garage constitute impermissible physical trespasses and/or encroachments on the ZNH Property and Nob Hill Court.

41. In prosecuting this Cause of Action, Plaintiff does not seek any monetary relief from Defendants. To the contrary, Plaintiff alleges that there is no adequate remedy at law to redress Plaintiff for Defendants' ongoing trespass/encroachment on the ZNH Property and Nob Hill Court.

42. Monetary damages would be inadequate in this case as it involves real property (the ZNH Property) which is inherently unique and the impact of the Wall and Garage and Defendant's trespass on the ZNH Property related thereto cannot be quantified.

43. Plaintiff stands to suffer irreparable injury in the event Defendants' continuing trespass on the ZNH Property and Nob Hill Court is not abated forthwith.

/ / /

/ / /

/ / /

GRESHAM | SAVAGE
ATTORNEYS AT LAW
550 E. HOSPITALITY LN.
STE. 300
SAN BERNARDINO, CA 92408
(909) 890-4499

44. In light of the foregoing, Plaintiff respectfully requests that the Court issue a mandatory injunction that requires Defendants to remove the Wall and Garage (which can only be accessed via Nob Hill Court) from the ZNH Property.

45. Additionally, Plaintiff respectfully requests that the Court issue a further mandatory injunction requiring Defendants to notify potential buyers of the Encroaching Property about the Code Enforcement Action, Plaintiff's exclusive ownership interest in Nob Hill Court, and the illegal encroachment and trespass of the Wall and Garage on the ZNH Property owned by Plaintiff.

46. Plaintiff further respectfully requests that the Court issue a prohibitory injunction directing Defendant to immediately cease the unauthorized encroachment of the Wall and Garage on the ZNH Property and to refrain from any future trespass or encroachment on Plaintiff's ownership interests in the ZNH Property and Nob Hill Court.

## PRAYER

**WHEREFORE**, Plaintiff prays for relief against Defendants, and each of them, as follows:

**<u>As to the First Cause of Action for Trespass</u>:**

1. For preliminary and permanent injunctive relief whereby (a) Defendants are ordered to remove the Wall that is encroaching on the ZNH Property and the illegally constructed Garage that can only be accessed via trespass over Nob Hill Court.

**<u>As to the Second Cause of Action for Declaratory Relief</u>:**

2. For a judgment declaring that:

a. Plaintiff holds exclusive ownership interests over Nob Hill Court which property has not been improved or accepted by the County;

b. The Wall constitutes an impermissible physical encroachment on the ZNH Property and Nob Hill Court;

/ / /

GRESHAM | SAVAGE
ATTORNEYS AT LAW
550 E. HOSPITALITY LN.
STE. 300
SAN BERNARDINO, CA 92408
(909) 890-4499

c. The Garage was illegally constructed Defendant's predecessors without the necessary permits and approvals from the County and cannot be accessed without trespassing over Nob Hill Court and violating Plaintiff's exclusive ownership rights therein;

d. Defendants have no legal or equitable right to allow the Wall or the Garage to remain on the ZNH Property or Nob Hill Court;

e. Defendants have a legal and equitable obligation to notify potential buyers of the Encroaching Property about the Code Enforcement Action, Plaintiff's exclusive ownership interest in Nob Hill Court, and the illegal encroachment and trespass of the Wall and Garage on the ZNH Property owned by Plaintiff.

**As to the Third Cause of Action for Mandatory and Prohibitory Injunctive Relief:**

3. For preliminary and permanent injunctive relief whereby Defendants are ordered to:

a. Remove the Wall and Garage (which can only be accessed via Nob Hill Court) from the ZNH Property;

b. Notify potential buyers of the Encroaching Property about the Code Enforcement Action, Plaintiff's exclusive ownership interest in Nob Hill Court, and the illegal encroachment and trespass of the Wall and Garage on the ZNH Property owned by Plaintiff; and,

c. Immediately cease the unauthorized encroachment of the Wall and Garage on the ZNH Property and refrain from any future trespass or encroachment on Plaintiff's ownership interests in the ZNH Property and Nob Hill Court.

/ / /

/ / /

/ / /

GRESHAM | SAVAGE
ATTORNEYS AT LAW
550 E. HOSPITALITY LN.
STE. 300
SAN BERNARDINO, CA 92408
(909) 890-4499

**As to All Causes of Action:**

4. For costs of suit incurred herein;

5. For such other and further relief as this Court deems just and proper.

Dated: July 30, 2021

Respectfully submitted,

GRESHAM SAVAGE NOLAN & TILDEN, a Professional Corporation

By: /s/ *James J. Ramos*
Paige H. Gosney
James J. Ramos
Attorneys for Plaintiff,
ALESSANDRO PIROZZI